**Margarita KHAYDUK, Petitioner.**

**v.**

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 06–1805.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) on March 29, 2007.

FILED Aug. 31, 2007.

---

Leo L. Grigolia, Hackensack, NJ, for Petitioner.

Richard M. Bernstein, Kathleen Meriwether, Office of United States Attorney, Philadelphia, PA, Richard M. Evans, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FISHER, JORDAN and ROTH, Circuit Judges.

OPINION

ROTH, Circuit Judge:

Margarita Khayduk petitions for review of the order of the Board of Immigration Appeals (BIA), affirming the Immigration Judge's (IJ) denial of Khayduk's application for political asylum, withholding of removal under the Immigration and Nationality Act (INA), and protection under the Convention Against Torture (CAT). We will deny her petition because substantial evidence in the record supports the BIA's affirmation of the IJ's finding that the petitioner failed to establish both past persecution and a well-founded fear of future persecution if she is returned to Uzbekistan.

## I. *Background and Procedural History*

Khayduk, a citizen of Uzbekistan, entered the United States in November 2002 as a non-immigrant B–2 visitor, authorized to stay in the United States until April 25, 2004. Khayduk remained longer than permitted, however, and was charged with a violation of Section 237(a)(1)(b) of the INA. Khayduk admitted this charge and conceded removability but asked for relief from removal by way of political asylum, withholding of removal under the INA, protection under the CAT, or, in the alternative, voluntary departure.

The IJ found that Khayduk's application for asylum was not timely filed but granted review of her application for relief. The IJ, however, ultimately denied on the merits Khayduk's petition for relief on all grounds but granted voluntary departure. Khayduk appealed and the BIA affirmed in a written opinion. Although the BIA found Khayduk's testimony credible (unlike the IJ, who was skeptical of Khayduk's testimony), it agreed with the IJ's alternative finding that Khayduk had failed to demonstrate both sufficient evidence of past persecution and evidence of a well-founded fear of future persecution.

Khayduk timely filed a petition for review. In the petition, she objects to the denial of protection under the CAT, but her argument is limited to the denial of asylum and withholding of removal. Therefore, we will treat any argument on the denial of protection under the CAT as waived.

## II. *Jurisdiction and Standard of Review*

We have appellate jurisdiction over the final order of removal of the BIA under § 242 of the INA and 8 U.S.C. § 1252. *See Abdulrahman v. Ashcroft,* 330 F.3d 587, 591 (3d Cir.2003). We will uphold the factual determinations of the BIA if they are "supported by reasonable, substantial, and probative evidence considered as a whole." *Id.* This standard of review is "extraordinarily deferential." *Id.* at 598. The decision of the BIA will be reversed only if the evidence in the record "not only supports [a contrary] conclusion, but compels it," *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), such that no reasonable fact-finder could have failed to find the past persecution or the well-founded fear of future persecution necessary to sustain the peti-

tioner's burden. *See* 8 U.S.C. § 1252(b)(4)(B).

### III. *Analysis*

The Attorney General has the power to grant asylum to an alien who is unable or unwilling to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Furthermore, an alien seeking asylum on the basis of a well-founded fear of persecution must demonstrate that she has a genuine fear of persecution and that a reasonable person in the same circumstance as the alien would also demonstrate that fear. *Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir.2005).

### A. Past Persecution

■ Persecution consists of "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Fatin v. I.N.S.*, 12 F.3d 1233, 1240 (3d Cir.1993). The mistreatment suffered by Khayduk, however, is not enough to constitute persecution. Although Khayduk alleges physical assault and verbal threats to her life, these incidents, by themselves, do not rise to the level of persecution. *See Lie*, 396 F.3d at 535. Even though the BIA, unlike the IJ, found Khayduk's testimony credible, verbal harassment from unknown individuals and the assault on Khayduk, resulting in a minor injury, do not meet our standard for persecution. *See id.*

Khayduk's testimony that she was not threatened nor physically harmed when she returned to Uzbekistan after she was assaulted further supports the argument that Khayduk's experiences did not constitute persecution but were rather the result of "mere generalized lawlessness and violence" between the diverse Uzbek popula-

tion. *See Konan v. Att'y Gen. of the United States*, 432 F.3d 497, 506 (3d Cir.2005).

Moreover, "mere generalized lawlessness and violence between diverse populations, of the sort which abounds in numerous countries and inflicts misery upon millions of innocent people daily around the world, generally is not the sufficient to permit the Attorney General to grant asylum." *See id.* Thus, the BIA correctly concluded that Khayduk's experiences were not sufficient to establish persecution although they are consistent with background evidence of the general ethnic difficulties in Uzbekistan.

### B. Future Persecution

■ A well-founded fear of future persecution must be based upon a genuine fear of persecution by the petitioner and a showing that a reasonable person in the same circumstance as the petitioner would also share that fear. *Lie*, 396 F.3d at 536. Khayduk's claim that she has a well-founded fear of future persecution fails.

The evidence in the record clearly supports the BIA's finding that Khayduk does not possess a genuine fear of future persecution. As the BIA emphasized, Khayduk returned to Uzbekistan three times after being told that she would be destroyed if she remained in Uzbekistan. This fact seriously undermines Khayduk's claim. Although Khayduk asserts that she stayed in Uzbekistan for only a short period before returning to the United States and that she never stayed in one place for long, her failure to apply for asylum during her first visit to the United States, immediately after the assault, weighs heavily against a finding that Khayduk genuinely feared persecution.

Khayduk also failed to introduce any evidence that she would be individually singled out for persecution if she were to

return to Uzbekistan or to produce any evidence demonstrating a "pattern or practice" of persecution. Even if we were to assume that Khayduk's introduction of country conditions was intended to show a pattern of persecution of similarly situated aliens, this evidence merely highlights generalized lawlessness and violence between the diverse Uzbek population and does not demonstrate a "pattern or practice" of persecution.

As the standard for withholding of removal is more demanding than for granting asylum, Khayduk's claim of withholding of removal fails as well.

## IV. *Conclusion*

For the reasons set forth above, we will **deny the petition for review.**[1]

---

1. Khayduk also makes a Due Process claim based on the IJ's negative credibility finding and exclusion of certain evidence. This claim is without merit and is also moot because the BIA presumed the petitioner to be entirely credible and considered all potentially relevant evidence.